Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 9008 | DATE | 3/22/2004 |
| CASE TITLE | HA-LO Industries, Inc. v. Federal Insurance Company, *et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Moving Defendants' (St. Paul Mercury Insurance Company, Zurich American Insurance Company, and Gulf Insurance Company) Motion to Withdraw the Reference to the Bankruptcy Court (doc. # 1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
       ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]. Moving Defendants' motion to withdraw the reference is DENIED. Enter Memorandum Opinion and Order.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | 3/24/04 date docketed |
| ✓ | Docketing to mail notices. | |
| ✓ | Mail AO 450 form. | docketing deputy initials |
| ✓ | Copy to judge/magistrate judge. | |
| | | date mailed notice |
| JHC | courtroom deputy's initials | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 10

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: ) | | |
| ) | | |
| HA 2003, INC., formerly known as ) | | |
| HA-LO INDUSTRIES, INC., *et al.* ) | | MAR 2 5 2004 |
| ) | | |
| Debtor. ) | | |
| _____) | | |
| ) | No. 03 C 9008 | |
| HA 2003, INC., , ) | | |
| ) | Judge William J. Hibbler | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | **Adversary No. 03 A. 4448** | |
| ) | | |
| FEDERAL INSURANCE COMPANY, ) | | |
| NATIONAL UNION FIRE INSURANCE ) | | |
| COMPANY OF PITTSBURGH, PA., ) | | |
| ST. PAUL MERCURY INSURANCE ) | | |
| COMPANY, ZURICH AMERICAN ) | | |
| INSURANCE COMPANY, and GULF ) | | |
| INSURANCE COMPANY, ) | | |
| ) | | |
| Defendants. ) | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants', St. Paul Mercury Insurance Company, Zurich American Insurance Company, and Gulf Insurance Company (collectively, "Moving Defendants"), motion to withdraw the reference to the Bankruptcy Court of the above-captioned adversary proceeding.

### I. BACKGROUND

In July 2001, HA-LO Industries, Inc. ("HA-LO") filed its Chapter 11 Petition after a string of poor business decisions by its former CEO, John Kelley, put HA-LO into financial distress. In response, HA-LO filed suit against Kelley on August 30, 2002, seeking recovery for his alleged breach of fiduciary duty that gave rise to HA-LO's bankruptcy. The District Court referred the



matter to the U.S. Bankruptcy Court for the Northern District of Illinois. Moving Defendants, each excess insurers, subsequently reserved their rights with respect to the complaint against Kelley, asserting that the policies' "Insured versus Insured exclusion," which bars coverage for claims "brought by or on behalf of an Insured," potentially precluded coverage under the policy, as did other terms and conditions of coverage. HA-LO contends that its directors' and officers' liability policies should nevertheless provide coverage to Kelley for any liabilities.

On November 10, 2003, HA-LO initiated the present proceeding in the Bankruptcy Court, seeking a declaration that the Insured versus Insured exclusion is inapplicable to its suit against Kelley and that the insurers' policy proceeds are available to satisfy any judgment HA-LO obtains against its former CEO. Subsequently, on December 12, 2003, Moving Defendants filed this motion to withdraw the reference of this proceeding to the Bankruptcy Court, contending that the current proceeding presents only state law issues of insurance contract interpretation that are more appropriately considered by the District Court.

## II. ANALYSIS

Although federal district courts have original jurisdiction over all bankruptcy proceedings, such proceedings may be referred to the bankruptcy courts pursuant to 28 U.S.C. § 157(a), as the Court did in this case. Any such reference may be withdrawn, however, where the issue raised in the case is more properly decided by the district court. *See* 28 U.S.C. § 157 (d); Fed. R. Bankr. P. 5011. The Bankruptcy Code provides, in relevant part, that: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157 (d).[1]

---

[1]The parties agree that mandatory withdrawal of reference is not appropriate in this case.

2

> Although section 157(d) does not define "cause," case law from this Circuit suggests that the following factors may be considered: judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, the particular court's familiarity with the case, and whether the adversary proceeding is core or non-core.

*In re Coe-Truman Tech., Inc.*, 214 B.R. 183, 187 (N.D. Ill. 1997) (citing *In re Sevko, Inc.*, 143 B.R. 114, 117 (N.D. Ill. 1992); *Matter of J. O'Brien Leasing, Inc.*, No. 97 C 3821, 1997 WL 414099 (N.D. Ill. July 17, 1997)).

Permissive withdrawal of reference is the exception, not the rule. "Withdrawal of a reference is not intended to be an escape hatch from bankruptcy to district court. Thus, the reference should only be withdrawn in a limited class of proceedings, and the movant bears the burden of establishing that this relief is appropriate." *In re Pro-Pak Services, Inc.*, Nos. 02 C 5528, 00 B 37030, 02-1-927, 2002 WL 31915808, at *1 (N.D. Ill. Dec. 31, 2002) (internal citations omitted).

> The express language and legislative history of § 157(d) make clear that Congress intended to have bankruptcy proceedings adjudicated in the bankruptcy court unless withdrawal was essential to preserve a higher interest. Accordingly, courts have been cautious in applying § 157(d) so that the exception does not swallow the rule. Withdrawal, even discretionary withdrawal, is permitted only in a limited number of circumstances.

*O'Brien Leasing*, 1997 WL 414099, at *2 (internal citations omitted).

### A. The State Law Insurance Coverage Claim Is Non-Core.

At least one court in this district has held that the most important of the factors to consider in determining whether permissive withdrawal is appropriate is whether the adversary proceeding sought to be withdrawn is core or non-core. *See Coe-Truman*, 214 B.R. at 187. "Core proceedings are actions by or against the debtor that arise under the Bankruptcy Code in the strong sense that

3

the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by some other body of law, normally state law." *Matter of U.S. Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997) (citing 28 U.S.C. § 157(b)(2)).

In *Brass*, the Seventh Circuit held that a declaratory judgment action to establish insurance coverage is a creation of state contract law and thus non-core. *Brass*, 110 F.3d at 1268. The instant case is not distinguishable in any meaningful way from the non-core claim in *Brass*. IIA-LO argues that its declaratory judgment action is based on the effect of HA-LO's bankruptcy on the "Insured versus Insured" exclusion in its insurance policies. HA-LO claims that because there is an exception to this exclusion in the event of bankruptcy, this legal question could arise only in the context of a bankruptcy. In addition, the issue involves questions of whether IIA-LO is a person authorized under the Bankruptcy Code to act on behalf of the debtor and its creditors in pursuing claims against insured persons. Moving Defendants respond that there are several other non-bankruptcy related exclusions under which they seek to withhold coverage. Although one aspect of HA-LO's claim arises from the fact of its bankruptcy and at least one question under the Bankruptcy Code may be at issue, this does not mean that "the Code itself is the source of the claimant's right or remedy." *Brass*, 110 F.3d at 1268. Therefore, the Court finds that IIA-LO's action seeking a declaration of insurance coverage is non-core.

### B. The Additional Factors Do Not Support Permissive Withdrawal.

The other factors that a district court may consider in determining whether to the withdraw the reference, however, do not support withdrawal in this case. Other factors that may be considered include: judicial economy, promotion of uniformity and efficiency in bankruptcy administration, reduction of forum shopping, delay and costs to the parties, and the particular court's

4

familiarity with the case. *Coe-Truman*, 214 B.R. at 187. Moving Defendants argue that judicial efficiency will be promoted by withdrawing the reference because the Bankruptcy Court does not have authority to enter a final judgment resolving the insurance dispute, and this Court would have to review *de novo* any proposed findings of fact and conclusions of law to which a party objects. *See* 28 U.S.C. § 157 (c)(1). Under this reasoning, however, "the exception [would] swallow the rule" because judicial economy and efficiency would then never be promoted when a bankruptcy court hears a non-core issue. *O'Brien Leasing*, 1997 WL 414099, at *2.

In this case, judicial economy and efficiency would be hindered by withdrawing the reference to the Bankruptcy Court. First, the Bankruptcy Court already is familiar with the parties, the factual core of this case, and many of the coverage issues involved here. Second, the post-petition compensation plan, which the Bankruptcy Court approved for Kelley, was raised by the insurer defendants in their defense of this coverage dispute. And, third, the Bankruptcy Court is already overseeing discovery in this and related adversaries.

Moreover, the efficiency and uniformity in the administration of Bankruptcy Court proceedings would be harmed by withdrawing the reference. Although not core, HA-LO's insurance coverage claims do raise important issues of Bankruptcy Code interpretation: whether HA-LO is a person authorized under the Bankruptcy Code to act on behalf of the debtor and its creditors in pursuing claims against insured persons and whether this provides an exception to the Insured versus Insured exclusion, as well as other potential bankruptcy issues. Although other non-bankruptcy related policy exclusions may also apply as Moving Defendants contend, splitting up the case will not serve the purposes of efficiency and uniformity. Furthermore, this Court is not uniquely qualified to resolve issues of state insurance contract law. In *Brass*, the case primarily

relied upon by Moving Defendants, the state law issues were remanded to state court, not to the federal district court. *Brass*, 110 F.3d 1261. This Court does not have any special expertise with regard to state law claims. Therefore, the Court agrees with HA-LO that the case will be most promptly and efficiently resolved by the Bankruptcy Court, which is overseeing the administration of the bankruptcy proceeding and is familiar with the facts and players and adversary actions.

## III. CONCLUSION

For the foregoing reasons, Moving Defendants' motion to withdraw the reference is DENIED.

IT IS SO ORDERED.

3/22/04
Dated

The Honorable William J. Hibbler
United States District Court